Carl Dale HEGWOOD *v.* STATE of Arkansas

CR 88-124                                    760 S.W.2d 859

Supreme Court of Arkansas
Opinion delivered December 5, 1988

*John Patton*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

Robert H. Dudley, Justice. Appellant, Carl Hegwood, appeals from a conviction for the rape of a person under the age of eleven years. We affirm the conviction.

Criminal charges were brought against appellant, and trial was scheduled to begin on February 2, 1988. After talking with the victim's psychologist, the prosecutor determined that it would be difficult for the nine-year-old child to testify at trial. On January 25, 1988, the prosecutor notified appellant's attorney that he intended to take videotaped testimony from the child on January 30, 1988. Appellant contends that the trial court erred in

admitting the videotaped deposition of the victim because appellant had not been given twenty (20) days notice prior to the taking of the deposition.

Appellant bases his twenty-day notice argument on Ark. Code Ann. § 16-44-117(a)(2) (1987). The short answer to this argument is that the statute is not applicable to this case. First, Ark. Code Ann. § 16-44-117 has been superseded by ARCP Rule 27. See *In re Statutes Deemed Superseded by the Arkansas Rules of Civil Procedure*, 290 Ark. 616, 719 S.W.2d 436 (1986). Second, ARCP Rule 27(a) applies in situations where the petitioner expects to be a party to an action, but is presently unable to bring it. The procedures set out in Rule 27(a) allow the petitioner to preserve testimony that is critical to his case so that it will be available when the petitioner is able to bring an action. Here, criminal charges had been brought, and the matter was proceeding to trial. Appellant's reliance upon Ark. Code Ann. § 16-44-117 is simply misplaced for neither it nor Rule 27(a) is applicable here. Further, the applicable statute, Ark. Code Ann. § 16-44-203 (1987), provides that, "upon motion of the prosecuting attorney and after notice to the opposing counsel, the court, may, for good cause shown, order the taking of a videotaped deposition of any alleged victim under the age of seventeen (17) years." We find no error in the trial court's determination that the notice given to appellant was adequate.

Alternatively, appellant argues that the trial court erred in permitting the State to introduce the videotaped deposition and also to call the child to testify in person. Appellant made no objection on this basis below, and he is therefore precluded from raising the issue for the first time on appeal. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

Affirmed.