Beverly WILLIS and Kenneth Dokes *v.* STATE of Arkansas

CR 89-14                                            772 S.W.2d 584

Supreme Court of Arkansas
Opinion delivered July 3, 1989

*James P. Clouette,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellants, Beverly Willis and Kenneth Dokes, were convicted of various crimes in seven different cases tried to the court. This appeal involves three of those convictions. We affirm the judgments of conviction.

■■ The appellants were convicted, as co-defendants, of robbery in Pulaski County Circuit Court, Case No. 85-3181. They argue that conviction should be reversed because the trial judge failed to formally pronounce the verdict of guilty as required by Ark. Code Ann. § 16-90-106(b) (1987). The criminal code requires that pronouncement, and the trial judge should make it in every case. Nevertheless, the appellants were represented by counsel, made no objection, did not file a motion for a new trial, and have not suggested in their appellate brief any possibility of prejudice as a result of the omission. It is necessary to raise an issue in the trial court before we will consider it on appeal. Further, there was no prejudice in the omission. Accordingly, we do not reverse on this point. *See Heard* v. *State,* 272 Ark. 140, 612 S.W.2d 312 (1981).

Next, appellant Dokes argues that the proof was not sufficient to support his separate conviction for theft of property in Case No. 84-675. In that case, the Information listed several credit cards which had been stolen from the victim, but there was no mention of stolen cash.

The evidence showed that in a classic "pigeon drop" scheme, Dokes and the co-defendant took the victim's billfold containing $200.00 cash and several credit cards. Four or five weeks later,

the victim received a call from a North Little Rock Post Office. Postal officials informed him that they had found his billfold in a mail drop box. His credit cards were still in the billfold, but the cash was gone.

Appellant Dokes argues that because the victim subsequently recovered the billfold containing the credit cards, Dokes did not take the billfold with the intention of depriving the victim of the credit cards. The argument has no merit.

■■ The question of intent is one for the trier of fact, in this case, the trial court. See Schultz v. State, 219 Ark. 217, 242 S.W.2d 131 (1951). There was ample evidence to support the trial court's finding that the requisite intent to deprive the victim of his credit cards was present under the facts of this case.

All seven of the cases were originally set for September 12-13, 1988. Just before the trials were to commence, the State discovered that a material witness for Case No. 86-13 was unavailable for the trial dates and that it did not have copies of appellant Willis's prior felony convictions, and therefore, could not prove that she was an habitual offender. The State then moved for a continuance in Case No. 86-13. The trial court granted a continuance until September 23, 1988, when appellant Willis was found guilty of aggravated robbery and sentenced as an habitual offender. She now argues that her right against double jeopardy was violated when the trial court granted the continuance.

■ The argument is without merit for two reasons. First, appellant did not make an objection based on double jeopardy, and secondly, the trial court granted the continuance in this case before it heard the first witness. In bench trials, jeopardy attaches when the trial judge hears the first witness and not until then. See Serfass v. United States, 420 U.S. 377 (1975), and Ark. Code Ann. § 5-1-112(3) (1987).

Affirmed.

PURTLE, J., not participating.