Ralph ST. CLAIR *v.* STATE of Arkansas

CR 89-215                                   783 S.W.2d 835

Supreme Court of Arkansas
Opinion delivered January 29, 1990

*John Rushing Hudson,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joseph V. Svoboda,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Ralph St. Clair, the appellant, was convicted of sexual abuse of his seven-year-old stepdaughter. He contends A.R.E. 803(25)(A) permitting certain hearsay evidence to be admitted in child sexual abuse cases was unconstitutionally enacted by the general assembly after this court had declared its inherent authority to promulgate rules of evidence in *Ricarte v. State,* 290 Ark. 100, 717 S.W.2d 488 (1986). We hold the separation of powers doctrine does not preclude the general assembly from enacting a rule such as the one in question here. He also contends that the case must be reversed because, even if the rule is not unconstitutional, the court failed to instruct the jury in accordance with the rule. We decline to reverse on the latter point because there was neither a request for the instruction nor an objection at the trial to the court's failure to give it.

### 1. Separation of powers

In the *Ricarte* case and its accompanying per curiam order this court exercised its inherent authority to adopt the Uniform Rules of Evidence as the Arkansas Rules of Evidence. We adopted them " as set forth" in the 1976 act by which the general assembly adopted them. *In Re Adoption of the Uniform Rules of Evidence,* 290 Ark. 616, 717 S.W.2d 491 (1986). After the original adopting act of 1976 and before our 1986 order, the general assembly enacted Rule 803(25)(A). That rule estab-

lishes an exception to the hearsay rule for a "statement made by a child under ten (10) years of age concerning any act or offense against that child involving sexual offenses, child abuse or incest . . . ." provided a hearing is held to determine the reasonable trustworthiness of the evidence based on factors named in the rule.

In this case such a hearing was held, and the court determined that testimony as to the child's out-of-court statements would be admitted. At the trial a psychological examiner, a physician, and the child's mother were allowed to testify about the child's statements to them.

In *Curtis* v. *State*, 301 Ark. 208, 783 S.W.2d 47 (1990), which we hand down today, we explain that we share the rule making power with the general assembly. We point out that we give full effect to legislation in an area of procedure or practice we have not preempted by rule and note that we will defer to the general assembly where a court rule conflicts with a public policy adopted by legislative act or as part of the constitution.

The general assembly's adoption of Rule 803(25)(A) deals with a matter our rules do not cover. We have provided no exception to the hearsay rule for child victims of sexual crimes. We hold the rule to be not unconstitutional.

### 2.  Failure to instruct

Rule 803(25)(A)3. provides:

> If a statement is admitted pursuant to this Section the Court shall instruct the jury that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor.

The jury was given no such instruction, but St. Clair did not ask for it and did not object to the failure to give it.

St. Clair relies on *Pennington* v. *State*, 24 Ark. App. 70, 749 S.W.2d 680 (1988). In that case the court of appeals held Rule 803(25)(A) inapplicable because there had been no attempt by

the state to invoke it as a basis for admitting into evidence hearsay statements of a child victim. The court noted there had been no hearing on trustworthiness, no notice of intent to offer the evidence, and no jury instruction on weight to be given, and the court noted that all of these would have been required had the rule been the basis of admitting the evidence at trial.

While it is correct to say the trial court was required to give the instruction and erred in failing to do so, it was given no opportunity to correct its error at the trial, and we will not consider the matter for the first time on appeal. *Hegwood* v. *State*, 297 Ark. 218, 760 S.W.2d 859 (1988); *Horn* v. *State*, 282 Ark. 75, 665 S.W.2d 880 (1984).

Affirmed.

HICKMAN, J., concurs.

See concurring opinion of Hickman, J. in *Curtis* v. *State*, 301 Ark. 208, 783 S.W.2d 47 (1990).