Kevin BURKHART *v.* STATE of Arkansas

CR 89-179                                    785 S.W.2d 460

Supreme Court of Arkansas
Opinion delivered March 19, 1990

*Osmon Law Firm*, by: *Kerry D. Chism*; and *Wilbur Law Firm*, by: *Norman C. Wilbur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Kevin Burkhart states four points for reversal of his conviction of capital murder for which he was sentenced to life imprisonment without parole. He contends a mistrial should have been declared when the prosecutor referred to another homicide in opening statement. We find the statement was barely, if at all, prejudicial and not a sufficient basis for mistrial. He argues the court erred in not suppressing evidence based on an involuntary statement given by Alvin Edward Morris who was tried separately for his participation in the crime. We hold Burkhart lacked standing to question possible violation of Morris's constitutional rights. Burkhart also contends it was error to admit Morris's testimony to the effect that Morris had been convicted of the crime and sentenced to life without parole. Because the basis of objection argued on appeal was not raised in the trial court, we decline to review it. Finally, Burkhart contends it was error to admit certain photographs of the crime scene which were unnecessarily inflammatory and duplicative. We cannot reach the point fully, as we have been furnished only black and white versions of the pictures made on a photocopy machine rather than originals or copies of what we presume to have been the color photographs admitted at trial. To the extent we can tell what was in the pictures admitted as exhibits, we find nothing unfairly prejudicial. The conviction is affirmed.

Kevin Burkhart and Eddie Morris, young men high on marijuana, walked into the Mountain Home residence of an elderly couple, Victor and Minnie Magnus, beat and kicked them to death, stole their money, and went to Alabama. Kevin's brother, to whom the two described their crime, turned them in. Morris was tried first and convicted. He testified at Burkhart's trial and told of how the two had planned to rob but not kill the victims and that the idea was Burkhart's.

## 1. Opening statement

At the outset of his opening statement the prosecutor apologized to the jury for being "discombobulated" as a result of having just received word of the commission of another homicide which had occurred in another county in his district. Burkhart's counsel objected on the ground that the remark was immaterial and prejudiced the jury. He asked for a mistrial and alternatively that the prosecutor be admonished. The mistrial motion was denied, and the prosecutor was not admonished.

■■ A mistrial is to be granted only where an admonition to the jury would not be sufficient to remove the unfair prejudice which may have resulted from the event in question. *Wheat v. State*, 295 Ark. 178, 747 S.W.2d 112 (1988). If there is no request that the jury be admonished it is not error to fail to do so. *Vaughn v. State*, 289 Ark. 31, 709 S.W.2d 73 (1983). The unfair prejudice, if any, resulting from the prosecutor's remark was not so drastic as to warrant a mistrial, and there was no request that the jury be admonished.

## 2. The tennis shoe

Tennis shoes discarded after the crime were found by the police as a result of in-custody statements given by Burkhart and Morris. The state sought to introduce one of the shoes as one which made tracks at the scene of the crime. The state did not introduce Burkhart's statement. Burkhart objected to introduction of the tennis shoe as an exhibit on the ground that Morris's statement had not been voluntary and the shoe should be excluded because it would not have been found but for Morris's statement. He contends it was fruit of the poisonous tree and its admission violated his Fourth Amendment rights, citing *Wong Sun v. United States*, 371 U.S. 471 (1963).

■■ Fourth Amendment rights are personal rights which may not be vicariously asserted. *Rakas v. Illinois*, 439 U.S. 128 (1978). Evidence is not to be excluded unless the admission of it would violate the constitutional rights of the defendant on trial as opposed to the rights of some other person. *United States v. Payner*, 447 U.S. 727 (1980).

### 3. Morris's sentence

Except for some objections about leading questions, there was no objection to Morris's testimony, upon direct examination by the prosecutor, in which he detailed the events of the crime and his feelings about having participated. However, when he was asked about the sentence he had received an objection was made. Burkhart's counsel stated to the court only that Morris's testimony that he had received life without parole was "irrelevant" and "highly prejudicial." The prosecutor responded that he had thought Burkhart would want the jury to have that information.

In his brief on appeal Burkhart argues that the testimony violated his right to equal protection of the laws because, had Burkhart been tried first, Morris would not have felt free to testify against him. This constitutional argument was not presented to the trial court. To have it considered on appeal, even a constitutional argument must have been made at the trial. See *Horn* v. *State*, 282 Ark. 75, 665 S.W.2d 880 (1984), which also involved raising an equal protection argument on appeal which had not been stated as a basis of objection at trial. The ground for objection may not be changed on appeal to one which was not raised at trial, as we will not consider an objection raised for the first time on appeal. *Hegwood* v. *State*, 297 Ark. 218, 760 S.W.2d 859 (1988); *Hart* v. *State*, 296 Ark. 290, 756 S.W.2d 451 (1988).

### 4. The photographs

Relying primarily on *Berry* v. *State*, 290 Ark. 223, 718 S.W.2d 447 (1986), Burkhart complains that the photographs of the crime scene were so gory and duplicative that he was unfairly prejudiced because of the inflammatory effect of the pictures on the jury. It is impossible for us to address this question fully because the record contains only machine photocopied black and white reproductions of the pictures. We cannot see the details of which Burkhart complains, such as blood on the objects depicted, because the pictures are not in color. We do not know whether the original photographs were "gory" or not.

While some of the pictures are very similar, such as two taken of Mrs. Magnus's body from different angles, all of them depict the crime scene. They do not give rise to reversible error as did those in the *Berry* case in which autopsy pictures introduced

by the prosecution were found by this court to have been highly objectionable.

### 5. *Other error*

We have examined all of the objections raised by Burkhart pursuant to Arkansas Supreme Court and Court of Appeals Rule 11(f), and we find no prejudicial error.

Affirmed.

PRICE, J., not participating.