Ricky Joe KESTER *v.* STATE of Arkansas

CR 90-105                                   797 S.W.2d 704

Supreme Court of Arkansas
Opinion delivered October 8, 1990

*Phyllis J. Lemons*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Ricky Joe Kester, appeals from being convicted of the rape of his daughter. The conviction must be reversed because of the introduction into evidence of a video tape recording of a conversation between the daughter and a social worker. Additional points of appeal have been raised by Kester. We will discuss those which may arise on retrial.

In June, 1988, Hot Spring County social services workers learned that Kester might have molested his nine-year-old daughter. Interviews were conducted as a result of which Kester

left home. In July, Kester was given permission to accompany his wife and children, along with a social worker, to Arkansas Children's Hospital at Little Rock for an eye examination for his son. While at the hospital, the Kesters asked that the daughter be given a physical examination.

In conjunction with the examination, the daughter was taken into a room by a hospital social worker and questioned about what had happened between her and her father. She said Kester had had vaginal and anal intercourse with her. The conversation was recorded on video tape. The physical examination revealed that the daughter's hymen was intact but there was some scar tissue and an irregularity described by the examining physician as a "notch."

Thereafter, the children were removed from the home at the instance of social services, and Kester was charged. The daughter's deposition was given and recorded on video tape. Both the hospital tape and the deposition were played for the jury. The daughter did not testify.

### 1. The hospital tape

The video tape of the daughter's statement to the hospital social worker was admitted as within an exception to the hearsay rule. The court remarked that, as the statement was not taken as a deposition at the instance of the state, there was no requirement for notice or confrontation of the witness by the accused. It was correct to conclude that the statement was not taken as a deposition in accordance with Ark. Code Ann. § 16-44-203 (1987). It was error, however, to conclude that the tape could be admitted as an exception to the hearsay rule.

As we pointed out in *Cogburn* v. *State*, 292 Ark. 564, 732 S.W.2d 807 (1987), Arkansas Rules of Evidence 803(25) provides a general exception to the hearsay rule for the statements of children under age 10 concerning sex offenses against the child witness. We held, however, that the failure to follow the provisions of §16-44-203 was fatal to the admissibility of a video taped statement of the child witness. The accused's right of confrontation was violated, and the witness was allowed to testify twice.

The state contends that Kester failed to get a specific ruling

on the admissibility of the hospital tape. That is incorrect. As noted above, the court specifically stated it was admissible as an exception to the hearsay rule.

■ Conceding that the *Cogburn* case is similar to this one, the state argues that the admission of the hospital tape was harmless error. In the *Cogburn* case, the child witness testified in person at the trial. Here, the daughter's deposition video tape was played for the jury in addition to the tape made at the hospital. She was thus allowed to testify twice. The prejudice here is thus the same as that we described in the *Cogburn* case. There was additional prejudice in that the daughter mentioned anal intercourse in the hospital statement but not in her deposition.

### 2. The deposition

### a. Good cause

Kester also contends that the video tape deposition of the daughter should not have been admitted because the state failed to show "good cause" as required by §16-44-203(b). We addressed that requirement in *McGuire v. State*, 288 Ark. 388, 706 S.W.2d 360 (1986). In that case we found that good cause to take such a deposition was shown through the testimony of an 11-year-old's grandparents to the effect that she was embarrassed and under the care of a psychologist as a result of the incidents which were to be the subject of the trial.

■ In response to the prosecution's motion to be allowed to take the deposition, Kester argued that it would violate his right to confront the witnesses against him in a public trial. On appeal he argues that, unlike the *McGuire* case where good cause was shown by live testimony, the court here relied on a letter from a psychiatric social worker who had consulted with the daughter. The letter stated that it would be "emotionally upsetting" for the child, who was 11 years old at the time of the trial, to testify and that she should not be required to do so. While it is true that Kester was given no opportunity to cross-examine the author of the letter, that objection was not made to the trial court, and thus it could not have been the basis for reversal. *Willis v. State*, 299 Ark. 356, 772 S.W.2d 584 (1989).

■ In *Cope v. State*, 293 Ark. 524, 739 S.W.2d 533 (1987),

we described our decision in the *McGuire* case as holding "the trial judge has considerable discretion in determining if a video taped deposition can be used." The judge can consider such things as the age of the child, the abuse she apparently has endured, and the testimony of an expert. Our conclusion, for purposes of retrial, is that, although the opportunity to cross-examine the author of the letter was not afforded to Kester, the letter plus the other circumstances of the case make it one in which we could not hold an abuse of discretion occurred.

### b. Guardian's presence

Kester argues it was error to have allowed the legal guardian of the daughter to be present in the courtroom when the daughter's deposition was taken (and during the trial as well) because Kester had invoked the rule of A.R.E. 615 requiring that witnesses not be present except for their own testimony.

The argument is clearly answered in Rule 616 which provides: "*Notwithstanding any provision to the contrary*, in any criminal prosecution, . . . in the event that the victim of a crime is a minor child under eighteen (18) years of age, that minor victim's . . . guardian . . . shall have the right to be present during any . . . deposition or trial of the offense [Emphasis added]."

### 3. Hearsay statements of witnesses

Social workers testified about statements made to them by the daughter. Kester contends that the court erred in admitting the statements because the court failed to follow the requirements of Rule 803(25)(A)1. which requires the court to find, "in a hearing conducted outside the presence of the jury, that the statement offered possesses a reasonable likelihood of trustworthiness. . . ." The rule goes on to state the criteria to be applied in making the determination.

We agree with Kester that the court erred in failing to hold a hearing to assure itself of the trustworthiness of the statements. We cannot suggest the degree to which such a hearing will be needed on remand, given the fact that the court has now heard the witnesses. We caution, however, that the rule must be satisfied before such statements are admitted.

■ Kester also questions the basic constitutionality of Rule 803(25) in making this point. We settled that issue in favor of the Rule in *St. Clair* v. *State*, 301 Ark. 223, 783 S.W.2d 835 (1990).

### 4. Hypothetical questions

■ One of the social workers, Susan Millard, was allowed to answer a hypothetical question dealing with the manner in which children recall and relate evidence of abuse. Kester argues that Ms. Millard was not an expert and should not have been allowed to answer a hypothetical question. We are satisfied that the court concluded that she was an expert and there was no error.

In *Poyner* v. *State*, 288 Ark. 402, 705 S.W.2d 882 (1986), we concluded there was no error in allowing an expert on the subject of the "child abuse syndrome" to testify about child abuse in general. Ms. Millard's testimony was not to the effect that the daughter had been abused, but was about the general manner in which a child can be expected to relate such an experience. There was no error.

### 5. Lesser included offense

■ Kester contends it was error for the court to refuse to instruct on first degree carnal abuse as a lesser included offense. Carnal abuse is not a lesser included offense within the offense of rape. *Sullivan* v. *State*, 289 Ark. 323, 711 S.W.2d 469 (1986).

Reversed and remanded.

HAYS, J., dissenting.

STEELE HAYS, Justice, dissenting. I agree with the majority that our holding in *Cogburn* v. *State*, 292 Ark. 564, 732 S.W.2d 807 (1987), mandates that this case be reversed and remanded. However, I believe we were wrong to decide *Cogburn* as we did and that mistake should be corrected rather than further compounded. I would overrule *Cogburn* and affirm.

We have established by several holdings that a statement by a child under ten years of age describing sexual offenses against such child is admissible in any criminal proceeding as an exception to the hearsay rule, provided the court finds the statement is trustworthy in accordance with A.R.E. Rule 803(25)(A)(1). *Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666

(1988); *Smart v. State*, 297 Ark. 324, 761 S.W.2d 915 (1988).

Thus, the basis for the exclusion in *Cogburn* was not the evidence itself, but the *form* in which it existed, that is, videotape. In other words, the juvenile probation officer could have testified to exactly what the child told her concerning the sexual offenses and who committed them, but because the same statements were recorded on videotape, it was reversible error to admit them as evidence. In reaching that conclusion, this Court in *Cogburn* mistakenly held that failure to follow the provisions of Ark. Code Ann. § 16-44-203 (1987), which provides for videotaped depositions of minors in sexual offense prosecutions, prevented the admissibility of the videotaped statement of the child witness.

A videotaped deposition is not hearsay. It is akin to in-court testimony. The statements made in the *Cogburn* video were out-of-court statements offered to prove the truth of the matters asserted and fall clearly within our established exception to the hearsay rule in A.R.E. Rule 803(25)(A). It makes no sense to me to conclude, as in *Cogburn*, that the witness could testify to what the child told her, but the jurors could not see and hear for themselves exactly what the child said and observe the child's demeanor as she made her statement. A trial has been aptly described as a search for the truth. *Perry* v. *Leeke*, ___ U.S. ___, 109 S. Ct. 594 (1989); *State* v. *Tipton*, 300 Ark. 211, 779 S.W.2d 138 (1989). It seems apparent the truth would be far better served by permitting the jurors to draw their own conclusions from the videotape.