Kevin BURKHART *v.* STATE of Arkansas

CR 89-179                                    834 S.W.2d 154

Supreme Court of Arkansas
Opinion delivered June 29, 1992

*Petitioner,* pro se.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Senior Asst. Att'y Gen., for respondent.

■ PER CURIAM. Petitioner Kevin Burkhart was convicted in 1989 of capital murder and sentenced to life imprisonment without parole. We affirmed. *Burkhart* v. *State,* 301 Ark. 543, 785 S.W.2d 460 (1990). In March 1992, petitioner tendered to this court a fifteen-page typed petition for post-conviction relief pursuant to Criminal Procedure Rule 37. He filed a motion asking that the petition be filed even though it exceeded the ten-page limitation placed on Rule 37 petitions. Finding petitioner did not show good cause to warrant a deviation from the rule, we denied the motion. We also noted that in *Maulding* v. *State,* 299 Ark. 570, 776 S.W.2d 339 (1989), this court held that the rule limiting petitions under Rule 37 to ten pages places an entirely reasonable restriction on petitioners for post-conviction relief. *Burkhart* v. *State,* CR 89-179 (May 4, 1992).

Shortly after this court denied petitioner permission to file the fifteen-page petition, he submitted for filing a ten-page petition. The ten-page petition was the same petition which was submitted before but with the paragraph spacing deleted and margins reduced so that the fifteen pages could be contained in ten pages. The state has filed a motion asking that the ten-page petition be stricken.

Rule 37.1(e) provides that Rule 37 petitions which are handwritten must have a left-hand margin of at least one-and-one-half inches and upper and lower margins of at least two inches. Rule 37.1(e) refers to handwritten petitions, but the state argues that typewritten petitions should also be required to meet the margin requirements; otherwise, a petitioner who has access to a typewriter may crowd as many typewritten words as possible on each page thus permitting the petitioner who has a typewriter an advantage over the petitioner who must handwrite his petition.

[2] We agree with the state that there is no rational basis to permit a petitioner who has access to a typewriter to file a petition which has inadequate margins and spacing. Just as this court enforces rules concerning the form for briefs so that the briefs can be easily read and understood, we hold that Rule 37 petitions, whether typed or handwritten, must conform to Rule 37.1(e) with respect to the width of margins, the number of lines per page, and the number of words per line.

The petition before us is stricken. Petitioner is allowed thirty days in which to submit a petition which conforms to Rule 37.1(e).

Motion Granted.