Willie Ray HARRIS *v.* STATE of Arkansas

CR 93-565                                      862 S.W.2d 271

Supreme Court of Arkansas
Opinion delivered October 11, 1993

*William R. Simpson*, Public Defender, by: *Bret Qualls*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Willie Ray Harris, the appellant, admitted stabbing and killing Annie Mae Marshall McDowell on November 15, 1991. He was charged with first degree murder as an habitual offender, convicted by a jury, and sentenced to life imprisonment. He contends the Trial Court erred in failing to grant a directed verdict as there was no evidence that he acted with the purpose of causing Ms. McDowell's death. He also argues enlargements of photographs showing the wounds he inflicted were unfairly prejudicial and should not have been admitted into evidence. We hold that the nature of the weapon used, and the manner of its use, were such that the evidence of Harris's purpose was sufficient. We also hold that the Trial Court did not abuse its discretion in holding the photographs were not, in the words of Ark. R. Evid. 403, unfairly prejudicial. The conviction is affirmed.

The events leading up to the murder were detailed in Harris's statement. Ms. McDowell arrived at Harris's apartment about 4:30 a.m. asking if she could stay for a time. Harris agreed, and she got into bed with him. Later that morning, at 7:00 or 8:00 a.m., Harris picked up his payroll check and purchased an alcoholic beverage which he and McDowell shared. Sometime around noon Harris gave McDowell $40, and she purchased three

rocks of crack cocaine. They shared the drugs and had sexual intercourse.

McDowell asked Harris for more money. When he refused to provide more money she flew into a rage, grabbed a butcher knife which was lying near the bed and cut Harris's hands. Harris took the knife from her, cut her hair, and stabbed her a couple of times. Harris said he was only trying to make McDowell get herself under control and that he later left the bed and laid the knife down. While he was attempting to get dressed McDowell retrieved the knife, and they resumed fighting on the bed. During the struggle Harris again regained control of the knife and proceeded to stab McDowell 17 times, causing her death.

In a telephone conversation with 911 officials Harris confessed to having killed the victim, and this statement was recorded and played for the jury. Harris also confessed to the police when they arrived and related the foregoing in a taped confession.

### 1. Sufficiency of the evidence

When the sufficiency of the evidence is challenged, we affirm if there is substantial evidence to support the verdict. *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990). Evidence is substantial if it is of sufficient force to compel reasonable minds to reach a conclusion that is beyond suspicion and conjecture. *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989).

The Trial Court found Harris guilty of first degree murder for having killed McDowell "with a purpose of causing death." *See* Ark. Code Ann. § 5-10-102(a)(2) (Supp. 1991). He argues the prosecution failed to produce any evidence that he acted purposefully. The Trial Court found the extent of the victim's wounds was sufficient to support the conclusion that he acted purposefully. As intent cannot be proven by direct evidence, it may be inferred from the type weapon used, the manner of its use, and the nature, extent, and location of the wounds. *Walker* v. *State*, 313 Ark. 478, 855 S.W.2d 932 (1993). There was no error in denying the motion for directed verdict.

## 2. Photographs

Harris next argues that the Court erred by allowing the use of enlarged photographs. Neither the original photographs nor the enlargements appear in Harris's abstract. In its brief, filed August 4, 1993, the State argued we could not reach the issue due to the failure to abstract. On August 13, 1993, Harris moved to supplement the record with copies of the enlarged photographs or alternatively to be relieved of the abstracting requirement as impracticable or an undue economic burden on the public defender's office representing Harris. Such a motion is permitted in Rule 4-2(a)(6). We granted the motion to supplement the record, and copies of the photographic enlargements were filed. In view of the obvious expense involved, we should have recognized the impracticability of requiring the large color photographs be reproduced in sufficient number to accompany each of the required copies of Harris's brief. Under these circumstances we will consider the photographs we now find in the record as we did in *Burkhart* v. *State*, 301 Ark. 543, 785 S.W.2d 460 (1990).

The Trial Court found the photographs were neither cumulative, duplicative, nor unnecessary. *Berry* v. *State*, 290 Ark. 223, 718 S.W.2d 447 (1986). They were not autopsy photographs but crime scene photographs used to show the extent and location of the wounds. While the pictures are gory, and some are similar to each other, all of those to which Harris objected were offered with investigating officers' testimony to depict the crime scene and to show the extent of the victim's wounds. The extent of the wounds is particularly relevant, as we noted above, to Harris's argument about lack of evidence that he killed purposefully.

In *Mitchell* v. *State*, 295 Ark. 341, 750 S.W.2d 936 (1988)(rev. on other grounds), we remarked that virtually all photographs are enlargements to some degree, and having examined the one enlargement complained of, we found it had not been demonstrated that it accentuated the injuries of the victim in any unfairly prejudicial way. The same is true in this case. There was no question that some photographs of the victim were properly admitted into evidence to show the crime scene, and while we agree that these are ugly photographs, that is the result of Harris's actions, rather than manipulation on the part of the State. We find no abuse of discretion.

### 3. Review of other errors

The record has been examined in accordance with Ark. Sup. Ct. R. 4-3(h), and the objections have all been abstracted and certified by the State. We have found no other rulings adverse to Harris which constituted prejudicial error.

Affirmed.