The Honorable David Burnett, Circuit Judge 2nd Judicial District P.O. Box 704 Osceola, Arkansas 72370
Dear Judge Burnett:
You have requested an Attorney General opinion in response to the following question:
 If a videotaped deposition is taken in the presence of a certified court reporter, does the State of Arkansas require any specific training or certification of the individual providing the videotaping service, if the videotape is going to be offered into evidence at trial?
As an initial matter, I note that the judge before whom any matter is tried has wide discretion and control over the conduct of the trial and the manner in which evidence is presented. See Rule 611, Arkansas Rules of Evidence. Beyond the issue of the judge's discretion in the matter, however, the answer to your question may depend upon whether you are inquiring about the use of videotaped depositions in civil proceedings or in criminal proceedings. I will address the two scenarios separately.
Civil Proceedings
It is my opinion that no state law requires that an individual who provides videotaping service receive any particular training or certification in order for a videotaped deposition prepared by that person to be used at trial in civil proceedings. However, if the videotaped deposition is to be used at trial in such a proceeding, the party offering it also must provide the court with a stenographic transcript of the tape, prepared by a certified court reporter.
Rule 30 of the Arkansas Rules of Civil Procedure governs the taking of depositions in civil proceedings. That Rule specifically provides that depositions may be recorded by "sound and visual" means. See Rule 30(b)(3). Under Rule 32 of the Arkansas Rules of Civil Procedure, which governs the use of depositions at trial, videotaped depositions may be used at trial. However, Rule 32 also requires that a stenographic transcript of the videotape, prepared by a certified court reporter, be provided to the court. In this regard, the Rule states in pertinent part:
Rule 32. USE OF DEPOSITIONS IN COURT PROCEEDINGS
 (c) Form of Presentation. Except as otherwise directed by the court, a party offering deposition testimony pursuant to this rule may offer it in stenographic or nonstenographic form, but, if in nonstenographic form, the party shall also provide the court with a transcript of the portions so offered. The transcript must be prepared by a certified court reporter from the nonstenographic recording.
Rule 32, ARCP.
The above-quoted Rule is bolstered by the provisions of Section 9 of the Arkansas Rules Providing for Certification of Court Reporters. That Section states in pertinent part:
 After the effective date of this Rule, all transcripts taken in court proceedings, depositions, or before any grand jury will be accepted only if they are certified by a court reporter who holds a valid certificate under this Rule.
Section 9, Arkansas Rules Providing For Certification of Court Reporters.
Finally, the Arkansas Rules of Evidence also open the door to the use of videotaped depositions at trial (in both civil and criminal proceedings). Rule 804(b) of the Arkansas Rules of Evidence provides that "former testimony" (e.g., depositions) taken "in compliance with the law" may be accepted into evidence without violating the rule against the admission of hearsay. This Rule states no requirement that the individual who provides the videotaping service receive special training or certification. It merely requires that the "former testimony" be taken "in compliance with the law." No applicable law requires such training or certification.
Clearly, under the above-quoted provisions, videotaped depositions may be used in civil trials. The factor for determining whether such use is appropriate in particular cases will be whether a transcript of the tape has been prepared by a certified court reporter and offered to the court, rather than whether the individual who offers the videotaping service has received particular training or certification.
Criminal Proceedings
The use of videotaped depositions in criminal proceedings presents a more difficult question because of the constitutional implications of such use. The Sixth Amendment's Confrontation Clause requires that criminal defendants be allowed "to be confronted with the witnesses against them." U.S. Const., Am. 6; Ohio v. Roberts, 448 U.S. 56 (1980). The use at trial of videotaped testimony presents the possibility that a criminal defendant will be denied the opportunity to be confronted with that witness in a meaningful sense.
It is my opinion, as discussed more fully below, that whether videotaped depositions can be used in a criminal trial will turn on whether the defendant has had an opportunity to cross-examine the witness, rather than on whether the individual who offers the videotaping service has received particular training or certification.
The Arkansas Supreme Court and Court of Appeals have on various occasions addressed the issue of whether the admission of videotaped testimony in a criminal trial violates the Confrontation Clause. See, e.g., Kester v.State, 303 Ark. 303, 797 S.W.2d 704 (1990); Cope v. State, 293 Ark. 524,739 S.W.2d 533 (1987); Cogburn v. State, 292 Ark. 564, 732 S.W.2d 807
(1987); McGuire v. State, 288 Ark. 388, 706 S.W.2d 360 (1986); Chappellv. State, 18 Ark. App. 26, 710 S.W.2d 214 (1986).[1] The factor that has been most prevalent in these cases in determining the admissibility of the offered videotaped testimony has been whether the defendant has had an opportunity to cross-examine the witness whose testimony is offered by way of videotape (or whether the defendant failed to object to the lack of such opportunity).[2]
The Arkansas Supreme Court most succinctly voiced this standard inMcGuire, supra. In that case, the defendant argued that A.C.A. §16-44-203 violated the Confrontation Clause by specifically allowing for the admission into evidence of videotaped testimony of minor victims in cases involving certain sexual offenses against minors. The court rejected the arguments, finding that the admission of such testimony does not violate the Confrontation Clause if the defendant has had an opportunity to cross-examine the witness. The court stated:
 Our statute does not violate the confrontation clause which is generally interpreted as the right to cross-examine a witness. Ohio v. Roberts, 448 U.S. 56 (1980); Douglas v. Alabama, 380 U.S. 415 (1965). Some states have had problems with statutes or situations where the defendant was not present at the deposition for a face-to-face confrontation. Long v. State, 694 S.W.2d 185 (Tex.App. 5 Dist. 1985); Powell v. State, 694 S.W.2d 416 (Tex.App. 5 Dist. 1985); United States v. Benfield, 593 F.2d 815 (8th Cir. 1979). Our statute requires face-to-face confrontation between the victim, the defendant and his attorney at the time the deposition is taken, and provides the opportunity for cross-examination of the victim by the defendant. The trial court followed the requirements exactly. The deposition was taken before the judge in chambers in the presence of the defendant, his attorney and the prosecuting attorney. McGuire had the opportunity to cross-examine the victim at that time.
McGuire, 288 Ark. at 293.
In none of the Arkansas cases involving the admissibility of videotaped testimony has the issue of the video-taper's qualifications come into play.[3]
On the basis of the holdings in McGuire and the other cases cited above, I conclude that a videotaped deposition may be used in a criminal trial if the defendant has had an opportunity to cross-examine the witness, without regard to the qualifications of the individual who offers the videotaping service. Because of the factual nature of this issue in the criminal setting, the determination of whether the use of a videotaped deposition is appropriate must be made on a case-by-case basis.
It must be noted that in both the civil and the criminal context, objections to the use of videotaped depositions at trial may rest on grounds that are specific to the facts of a particular case, e.g., the availability (or not) of a witness. See Beck v. State, 317 Ark. 154,163, 876 S.W.2d 561 (1994), citing Ark. R. Evid. 804(a)(5). This opinion should not be interpreted to mean that other objections, when factually appropriate, are not available. I have limited this discussion to the issues arising directly from your question.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] Most of these cases have involved testimony that was offered under the authority of A.C.A. § 16-44-203 (or its predecessor statute, A.S.A. § 43-2036), which specifically allows for the use (for good cause shown) of videotaped testimony by minor victims in cases involving certain sexual offenses against such minors. Rule of Evidence 803(25) excepts such testimony by minor rape victims from the hearsay rule.
[2] In the context of these cases involving the use at trial of minors' videotaped testimony, the courts have also placed great emphasis on the discretion of the trial judge in determining whether "good cause" has been established for the admissibility of the videotaped testimony. Indeed, the result in Cope, supra, turned entirely on this factor, rather than on the defendant's opportunity to cross-examine. The court held that the trial judge had properly admitted the videotaped testimony of certain minor victims, solely because he had found good cause to do so. The dissent noted that these witnesses' testimony had not been subjected to the same "procedures of confrontation" as that of other witnesses. SeeCope, supra, 293 Ark. at 530 (Purtle, J., dissenting).
[3] Neither have the courts mentioned any requirement that a transcript of the videotape be provided.