The Honorable Marvin Parks State Representative 44 Treasure Creek Greenbrier, Arkansas 72068-9052
Dear Representative Parks:
I am writing in response to your request for my opinion on a question you have submitted on behalf of a constituent who works as a private investigator and process server. I will paraphrase you constituent's question as follows:
 Pursuant to provisions of Ark. R. Civ. P. 4, is a person authorized to serve legal summons anywhere within a judicial district if he is approved for service by at least one judge within the district?
RESPONSE
In my opinion, Rule 4 authorizes any judge in a particular county to appoint an adult to serve process within the county in any legal matter. However, if a judicial district comprises more than one county, an adult may serve process outside the county in which the matter is pending only if he has been appointed to do so by the court having jurisdiction or by a court in the county where the process is to be served.
Rule 4(c) of the Arkansas Rules of Civil Procedure provides:
 (c) By Whom Served. Service of summons shall be made by (1) a sheriff of the county where the service is to be made, or his or her deputy, unless the sheriff is a party to the action; (2) any person not less than eighteen years of age appointed for the purpose of serving summons by either the court in which the action is filed or a court in the county in which service is to be made; (3) any person authorized to serve process under the law of the place outside this state where service is made; or (4) in the event of service by mail or commercial delivery company pursuant to subdivision (d)(8) of this rule, by the plaintiff or an attorney of record for the plaintiff.
(Emphasis added.) The highlighted language clearly states that an adult may serve process in any action so long as he has been appointed as a process server by the court having jurisdiction or by any court in the county where the service is to be made.
In In Re Arkansas Rules of Civil Procedure, 336 Ark. Appx. 588, 589,986 S.W.2d 407 (1999), the Arkansas Supreme Court authorized the following Addition to Reporter's Notes, 1999 Amendment: "Subdivision (c)(2) has been amended by deleting the word `a' before the word `summons.' This amendment is intended to make plain that private process servers may be appointed by standing order as well as on a case-by-case basis." Compare
Ark. Op. Att'y Gen. No. 96-365 (opining that, because of the inclusion of the article "a" in the former Rule 4(c)(2), the Rule "does appear to require the appointment of special process servers on a case-by-case basis, particularly when read in conjunction with the corresponding statute on the subject (A.C.A. § 16-58-108)").
The statute referenced in my predecessor's opinion provides as follows:
 The court, for good cause, may appoint a person to serve a particular process or order, who shall have the same power to execute it which a sheriff has. The person may be appointed on the motion of the party obtaining the process or order, and the return must be verified by his affidavit. He shall be entitled to the fees allowed to the sheriff for similar services.
A.C.A. § 16-58-108. Although this statute appears to contemplate appointing process servers only on a case-by-case basis, the supreme court has expressly declared the statute superseded. See Lyons v. Forrest CityMachine Works, Inc., 301 Ark. 559, 563, 785 S.W.2d 220 (1990) ("[B]y adopting Rule 4, we have preempted the area of service of process."); seealso Addition to Reporter's Notes, 2001 Amendment (to Rule 4); Publisher's Notes to A.C.A. § 16-58-108 (both acknowledging the supersession). As one of my predecessors noted in Ark. Op. Att'y Gen. No. 96-151:
 The Arkansas Supreme Court in State v. Sypult, 304 Ark. 5, 800 S.W.2d 402 (1990), redefined the parameters of shared rule-making power with the legislature, stating that it will give deference to legislation involving rules of procedure "only to the extent the legislation is compatible with our established rules." 304 Ark. at 9. As stated by the court, "[w]hen conflicts arise which compromise these rules, our rules remain supreme." Id.
The court in Lyons elaborated on this principle as follows:
 [W]e give full effect to legislation in an area of procedure or practice we have not preempted by rule and will defer to the general assembly where a court rule conflicts with a public policy adopted by legislative act or as part of the constitution. See St. Clair v. State, 301 Ark. 223, 783 S.W.2d 835 (1990); Curtis v. State, 301 Ark. 208, 783 S.W.2d 47 (1990).
Applying these principles, I do not believe any constitutional provision or public policy consideration dictates adopting a rule that only the court in which an action is filed can appoint an adult to serve process in that action. Accordingly, in my opinion Ark. R. Civ. P. 4(c)(2) clearly controls over any contrary legislation. Rule 4 mandates that any individual over the age of 18, upon being appointed to serve process by a court of competent jurisdiction, may serve legal papers relating to any action, regardless of where it is filed, so long as the papers are served in the county in which the appointing court is located.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh