UNITED STATES of America,
Plaintiff-Appellee,

v.

Samuel NAYLOR, Defendant-Appellant.

No. 77–5141.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1978.

Samuel Naylor, pro se.

Roger I. Dallam, Gretna, La. (Court-Appointed), for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Robert J. Boitmann, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before WISDOM, GODBOLD, and CLARK, Circuit Judges.

PER CURIAM:

On a verdict of guilty by a jury, the defendant Samuel Naylor was convicted on 9 counts of an 11-count indictment for conspiracy to commit and the commission of thefts and embezzlements of funds from an employee benefit plan in violation of 18 U.S.C. §§ 371, 664, and 2. The present appeal urges reversal based on three assigned errors: (1) allowing defendant's counsel on cross-examination of a co-defendant who testified as a government witness to elicit that the witness had pled guilty to numerous charges pursuant to a bargain with the government; (2) a remark by counsel for defendant in his opening statement that he was appointed by the court; and (3) the inadvertent inclusion of an instruction on how to weigh a defend-

ant's testimony as a part of a written jury charge.

■ We reject as meritless assignments of errors (1) and (2). The first assignment was valid trial strategy designed to minimize the devasting impact of the witness' testimony. The second assignment, while not commendable practice, was not error.

■ The third assignment, though also without merit, requires additional explanation. In an unusual effort to undergird the jury's comprehension of its responsibilities, the trial judge prepared a written charge which he proposed to allow the jury to read as he spoke, and furnished copies to both counsel in advance of the trial, with advice as to the court's intended usage. The charge contained a standard instruction on how the jury should view the testimony of the defendant. The full text of this portion read:

> In determining the degree of credibility that could be afforded to the defendant's testimony, you are entitled to take into consideration the fact that he is the defendant and the very keen personal interest that he has in the result of your verdict.

As the trial developed, the defense determined that the defendant would not testify, but no objection was made to this portion of the proposed charge. Through oversight of court and counsel, this inapplicable language remained in the charge when it was handed to the jurors. When the court reached this portion of his charge, the following words were spoken:

> In determining the degree of credibility that can be—excuse me. I'll ask you to disregard that last paragraph, Ladies and Gentlemen. I think we'll continue, "an accomplice."
>
> An accomplice is one who unites with another person in the commission of a crime, voluntarily and with common intent . . . . .

Upon concluding the charge and at a recess conference in the absence of the jury, the United States Attorney moved the court to instruct the jury that the defendant had a right not to testify. The trial judge indicated to both counsel that he would give a balanced additional charge which would include this prophylactic. An opportunity was given to the defendant and his counsel to confer and comment on such an additional charge. After such conference, the defendant requested the court not to give any charge at all but rather to leave the matter where it then stood. The court followed this course.

Counsel for defendant on the present appeal, who did not represent defendant at trial, asserts that although the words spoken to the jury in this regard were so abbreviated as not to be objectionable, the jury had an opportunity to read ahead of the judge and determine that the instruction referred to testimony by the defendant and its presentation and omission amounted to a comment on the failure of the defendant to testify. This is implausible. The more normal and reasonable reaction of the jury would have been to conclude that the writing they held had been prepared before the trial commenced and that the paragraph omitted by the district judge had been rendered inapplicable by events at the trial. In any event, the episode did not amount, as a matter of law, to a comment on the failure of the defendant to testify. *See United States v. Lepiscopo,* 429 F.2d 258 (5th Cir. 1970). In the course of a well-tried case, replete with cogent evidence of guilt, this minor bobble affected no substantial right of the defendant.

The judgment and commitment order appealed from is

AFFIRMED.