450 So.2d 789 (1984)
Robert BROWNING
v.
STATE of Mississippi.
No. 54882.
Supreme Court of Mississippi.
May 30, 1984.
*790 Bernard Gautier, Pascagoula, for appellant.
Bill Allain, Atty. Gen., by Anita Mathews Stamps, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the court:
Robert Browning was convicted in the Circuit Court of Jackson County, Judge Robert Mills presiding, for the armed robbery of a Yellow Cab Co. driver named James McCreary. The jury sentenced Browning to life in prison. Browning, perfects this appeal arguing that:
(1) The defendant was denied a fair trial since the jury was informed that the defendant was represented by court appointed counsel, and;
(2) That the verdict was against the overwhelming weight of the evidence. We affirm.

I.
Browning, 56 years old, arrived at Pascagoula by bus from Houma, Louisiana around 11:30 p.m. on December 4, 1981. At 12:08 p.m. on December 5, Sue Bayliss, dispatcher for Yellow Cab Co., received a call from a fare who wanted to be picked up at 5507 Arrowhead Road. The defendant's sister, Pearl Wells and his nephew, Isaac Wells, lived at this address. The dispatcher notified James McCreary, one of the cab drivers on duty, to proceed to 5507 Arrowhead. Around 12:15 p.m. McCreary picked up Browning at this address and was told by Isaac Wells, Browning's newphew, to take Browning to the Lakeside Manor. Browning got in the cab, and Isaac stayed behind.
After arriving at the apartments, Browning pulled a knife out and threatened to "stick" McCreary if he did not turn over his money. McCreary gave the man a money bag containing $29.00; Browning exited the cab and walked into the apartment lobby. McCreary notified his dispatcher of the robbery, who in turn called the police. Officer Glen Vail was dispatched to the scene. Browning came out of the apartments at which time McCreary pointed him out to Vail. As Vail walked toward him, Browning began to run and then dropped the money bag. A knife was also found nearby. Both the money bag and knife were identified by McCreary at the scene.
Isaac Wells, Browning's nephew, testified and corroborated the state's story by saying that he had told McCreary where to take Browning. Browning claims that he had no reason to rob the cabby since he had just been paid and was carrying around $185.00. However, a search of Browning's personal belongings turned up little or no money. Browning also had several felony convictions. Pearl Wells did testify that she had a knife similar to the one found by police near the place where Browning was arrested. She said some of her knives were missing but had no idea when she missed them.

II.
First, we address whether or not reversible error occurred when the jury was made aware that Browning was being represented by court-appointed attorney.
*791 We condemned the practice of stating to the jury that defense counsel was court-appointed in Sanders v. State, 429 So.2d 245 (Miss. 1983) where we reversed Sanders' conviction on double jeopardy grounds. In Sanders, supra, defense counsel told the jury that he was court-appointed. This Court in objecting to such practice wrote that:
As a postscript we note  and wish to condemn  a practice observed. At the rape trial, his counsel explained to the jury that he had been appointed by the court to represent Sanders. We have seen this in other trial records. Attorneys representing defendants on appeal before this Court not infrequently make this statement in their briefs. We have seen attorneys appear for oral argument and introduce themselves as court-appointed counsel for the defendant.
For reasons which we assume are obvious, see United States v. Naylor, 566 F.2d 942, 943 (5th Cir.1978), this custom or practice, if it is as widespread as we perceive, should be stopped immediately. (Id. at 252).
The obvious reasons to condemn such practice include inferences of poverty, and sympathy on behalf of the defendant. However, we point out here that while Sanders, supra, does condemn this practice, it does not hold such conduct reversible error. In fact, United States v. Naylor, 566 F.2d 942 (5th Cir.1978) relied upon in Sanders held that such practice "while not commendable practice, was not error". (Id. at 943).
The comment in the case sub judice arose in an unusual manner. Sometime prior to trial, the public defender recommended that Browning plead guilty pursuant to a plea bargaining arrangement where the state had agreed to recommend a sentence of ten years. Browning took this recommendation offensively and refused the services of the public defender and initially proceeded to represent himself at trial. The trial judge started voir dire by introducing the lawyers and the defendant, indicating to the jury that the defendant would be representing himself.
Following the voir dire examination by the court and the prosecution, Browning attempted to voir dire the jury at which time he made the following statement:
BY MR. BROWNING: Thank you. Ladies and gentlemen of the jury, I'm not a lawyer, I wish I had one though. I want to say that I've been incarcerated at the A.D.D. (Adult Detention Center) I was appointed the public defender and the only thing they did for me was... .
Browning was interrupted by the judge who explained to him the purpose of voir dire proceedings. The trial judge explained to Browning that he would be required to follow the procedural rules of the court and the laws of the state even though he was not a lawyer. Then Browning changed his mind and asked that he be represented by the public defender.
Under these facts, it was Browning himself who initially stated to the jury that he had appointed counsel. He cannot now claim his own action as reversible error.
This set of facts does not present grounds for reversal.

III.
Browning further questions the weight of the evidence. The defendant testified on his own behalf and denied the robbery. The evidence he presented conflicted with the evidence presented by the state creating a question for the jury. We have also held on numerous occasions that the credibility of the witnesses is a jury determination. After reviewing the record we hold that the jury's verdict was not against the weight of the evidence. Hill v. State, 432 So.2d 427 (Miss. 1983); Groseclose v. State, 440 So.2d 297 (Miss. 1983); Wilson v. State, 264 So.2d 828 (Miss. 1972).
AFFIRMED.
PATTERSON, C.J., and WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN LEE, ROBERTSON, and SULLIVAN, JJ., concur.