460 So.2d 847 (1984)
Jerry COMPTON
v.
STATE of Mississippi.
No. 55221.
Supreme Court of Mississippi.
December 5, 1984.
J. Norman Brown, Forest, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BOWLING and PRATHER, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Scott County, Mississippi, wherein appellant *848 was indicted, tried and convicted of burglary and sentenced to a term of six (6) years in the custody of the Mississippi Department of Corrections. Aggrieved with the lower court's holding, he has perfected his appeal to this Court.
On July 1, 1983, a Saturday, Henry Arnold discovered an unoccupied home owned by him and his wife and located in Scott County, Mississippi had been broken into. Entry was obtained through a rear window. Numerous musical instruments as well as other household items were discovered missing. The preceding Thursday Arnold had been to the home at which time all the items were present.
On August 7, 1983, Officer Will Reed, deputy sheriff with the Scott County Sheriff's Office and investigating officer of the alleged burglary, was approached by the appellant at the Oakdale Apartments. Through information from a reliable source, the appellant was considered a suspect at the time. He voluntarily went with Reed to the Scott County Sheriff's Office where he confessed to the crime following his Miranda warnings.
Compton was indicted along with Gary Glen Hopper and Bobby Blackley. A motion for severance was granted, and Compton was tried for his alleged participation in the crime. Following a jury trial, a verdict was returned finding appellant guilty as charged.

I.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING APPELLANT'S MOTION FOR A MISTRIAL ON THE GROUND THAT THE COURT, DURING ITS VOIR DIRE, STATED TO THE JURY PANELS THAT THE DEFENDANT'S COUNSEL WAS COURT APPOINTED.
The voir dire examination is not made a part of the record on appeal. Following voir dire proceedings, the appellant moved for a mistrial as the court's mentioning counsel for appellant was court appointed might prejudice the jurors' thinking against both he and counsel.
The court stated that he mentioned the attorney's name as a court appointed attorney trying to help him thinking that in unpopular cases, often times, a local young attorney can benefit from an announcement that he has been appointed and has no choice in the case. The court then asked counsel if he wished to produce testimony showing prejudice. Counsel declined to offer such testimony.
Appellant cites to Sanders v. State, 429 So.2d 245 (Miss. 1983) wherein this Court condemned the practice of attorneys making reference to the fact that they are court appointed. We cited United States v. Naylor, 566 F.2d 942 (5th Cir.1978) in support of our statement. In Naylor the defendant assigned as error a remark made by defense counsel in his opening statement that he had been court appointed. The court noted that while such was not commendable practice, it was not error.
Although we find both attorneys as well as judges should not make reference to the fact one is court appointed, we do not find such reference constitutes reversible error in this case but restate that great caution should be taken in informing jurors that an attorney represents his client as a court appointed attorney.

II.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING THE DEFENDANT'S WRITTEN STATEMENT INTO EVIDENCE SINCE THAT STATEMENT WAS TAINTED AND INADMISSIBLE BECAUSE OF A PREVIOUSLY OBTAINED STATEMENT IN WHICH NO MIRANDA WARNINGS WERE GIVEN.
Appellant contends his written confession was inadmissible as it was given after a prior oral confession was made without the benefit of Miranda warnings. This oral confession, he contends, was made to *849 Officer Reed who briefly questioned the appellant concerning a house burglary.
In the presence of the jury, Officer Reed testified he saw the appellant at approximately 7:30 p.m. on August 7, 1983, the same day the written confession was obtained. The appellant walked up to him and before Reed could ask any questions, the appellant started telling him about the crime. Reed stated the defendant tried to tell him of the crime, but he refused to listen.
Outside the jury's presence, Reed testified he had obtained information from a reliable source that Compton was involved in the burglary. On August 7 he saw the appellant, a suspect in the case, at the Oakdale Apartments. "I got out of the car, and I went to tell him I wanted to talk to him, and before I could tell him, he said he wanted to confess to it." Reed denied questioning the appellant of his part in this particular case until they arrived at the sheriff's office where Compton was advised of his rights. Reed did, however, state: "I just asked him did he know anything about a house being broken into... . Before I could get through asking him about the house burglary, he was wanting to confess about the house burglary." According to Reed the appellant voluntarily accompanied him to the sheriff's office.
Objection to the written confession was overruled.
Appellant cites Brunson v. State, 264 So.2d 817 (Miss. 1972) in support of his contention. In Brunson two confessions were obtained from the defendant, the first confession without Miranda warnings being given. The case however is readily distinguishable from the factual situation before us now as in Brunson this Court determined that the confessions were not admissible as the defendant was under arrest at the time his first confession was obtained without being advised of his Miranda warnings.
The ruling in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) comes into play during custodial interrogations, defined as questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.
In United States v. Montos, 421 F.2d 215 (5th Cir.1970), cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970), the court stated:
If the interrogation was not "custodial," however, a failure by those questioning the defendant to give the Miranda warnings will not require suppression of evidence obtained as a result of such questioning.
421 F.2d 222.
The Montos court also noted that the Miranda procedures are not meant to preclude law enforcement personnel from performing their traditional investigatory functions such as general on the scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process and further stated:
Where the line between "general investigation" and "custodial interrogation" is crossed is not capable of precise demarcation. Each case will turn upon its own particular facts.
421 F.2d 223.
Also see Pennington v. State, 437 So.2d 37 (Miss. 1983).
Under the facts of this case, the appellant was not in custody at the time he initially spoke with Reed and thus Miranda does not come into play and therefore the second confession being voluntarily made was admissible into evidence.
We find appellant's remaining assignments of error to be without merit.
Finding no errors in the court below, the cause is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.