Daryl VAUGHN *v.* STATE of Arkansas

CR 85-224                                         709 S.W.2d 73

Supreme Court of Arkansas
Opinion delivered May 12, 1986

*William R. Simpson, Jr.*, Public Defender; *Arthur L. Allen*, Deputy Public Defender, by: *Vicki J. Sandage*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The owner of a grocery in

Pulaski County was robbed on June 14, 1984, by the appellant Vaughn and an accomplice. The two men were captured within a few minutes, after the appellant had fired a pistol at an officer. Vaughn was charged as an habitual criminal with aggravated robbery, theft of property, attempted murder, and felon in possession of a firearm. The jury found Vaughn guilty of all the charges and sentenced him to life imprisonment for the aggravated robbery and to terms of years for the other three crimes. The severity of the sentences was presumably due to Vaughn's having ten prior convictions.

The only argument for reversal is that the court should have granted a defense motion for a mistrial on the ground that the trial judge, in identifying the lawyers for the jury panel, should not have mentioned that the defense attorney was from the Public Defender's Office. The theory is that the jurors might have inferred that Vaughn was indigent and likely to be a burden to society.

We think the objection to be speculative rather than practical. Jurors are ordinarily reasonably well-informed men and women. They know that indigency is widespread in this nation, as indicated by poverty programs, food stamps, public defenders, Medicaid, Salvation Army appeals, charitable drives, and countless other activities that daily attest the existence of indigence in the country and in Pulaski County. The probability that a jury's verdict in a case like this one would be affected by a remark such as the one complained of is insignificant. If defense counsel wanted the matter to be kept from the jury, he should have made his objection known to the judge before the trial began.

A similar point seems to have arisen in only three cases. In two of them the defense counsel himself told the jury that he was court appointed. Of course there was no objection, but in both instances the appellate court observed that the practice is not a good one. *United States* v. *Naylor*, 566 F.2d 942 (5th Cir. 1978); *Sanders* v. *State*, 429 So.2d 245 (Miss. 1983). The third case is somewhat similar to the case at bar. *Compton* v. *State*, 460 So.2d 847 (Miss. 1984). There the court told the jurors, during the voir dire, that the defendant's counsel was court appointed. The reviewing court held that there was no reversible error, but it added that caution should be taken in telling jurors that defense

counsel is court appointed. That is certainly the better practice.

A secondary argument is that after denying the motion for a mistrial the court should have given the jury an admonition to disregard the reference. Counsel, however, did not request such an admonition, perhaps because he did not want to magnify the incident in the eyes of the jury. We find no merit in the appellant's argument nor in any other objection that has been brought to our attention.

Affirmed.

PURTLE, J., not participating.