The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

William Glover SHERWOOD,
Defendant–Appellant.

No. 99CA0260.

Colorado Court of Appeals,
Div. I.

June 8, 2000.

Ken Salazar, Attorney General, Dawn M. Weber, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Kyle Ipson, Durango, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, William Glover Sherwood, appeals from the judgment of conviction entered on a jury verdict finding him guilty of vehicular eluding. We affirm.

The criminal charges against defendant stem from a police chase. A police officer, driving an unmarked patrol car, saw a pickup truck driven by defendant enter the opposite traffic lane and weave between lanes. The officer began to follow the truck.

The officer called for assistance to initiate a stop. The truck continued to travel erratically, passing two cars and weaving between lanes. In the process of making a turn, the truck partially crossed over the double yellow line, forcing a car traveling in the opposite direction onto the shoulder of the road. By this time, a marked patrol car had joined the pursuit.

The driver of the marked patrol car turned on his overhead lights. When the driver of the truck failed to respond, the marked patrol car activated his siren. Again, the truck did not respond. The truck then crossed the solid double yellow line, started to travel in the opposite direction, and forced another car onto the shoulder. By this time, another marked patrol car had joined the pursuit, and it also had its siren and overhead lights activated. After driving a few blocks further, the truck again crossed the double yellow lines, forcing a third car onto the shoulder.

Traveling at speeds between 30 and 40 miles an hour, the three patrol cars attempted a rolling roadblock to try to bring the truck to a stop. A rolling roadblock involves surrounding the vehicle being pursued and gradually bringing it to a stop.

The rolling roadblock was unsuccessful. Although the patrol cars were able to bring the truck to "almost a complete stop," defendant nevertheless managed to squeeze the truck between the patrol cars and continue driving. Shortly thereafter, the patrol cars attempted a second rolling roadblock, which proved successful.

The distance from the point at which the first marked patrol car had joined the pursuit to where defendant's truck finally came to a stop was approximately sixteen blocks. Defendant was identified as the driver of the truck. His blood alcohol content following his arrest was determined to be .213.

Defendant was charged with vehicular eluding, driving under the influence (DUI), driving under the influence *per se*, and weaving. He pled guilty to all charges but the vehicular eluding charge, which was tried to a jury.

At trial, following the close of the prosecution's case-in-chief, defendant moved to dismiss, arguing that the evidence of the element of elusive behavior was insufficient. Defendant also argued that, even assuming that squeezing through the patrol cars during the first rolling roadblock could be said to have constituted elusive behavior, there was no showing that this conduct created a substantial risk of bodily injury to the police officers driving the patrol cars since it occurred while the patrol cars and defendant's truck were traveling at a slow speed.

The court denied the motion, finding that (1) defendant's "refusal to pull over" could amount to elusive behavior; (2) defendant's conduct in weaving in and out of traffic lanes was elusive and created a substantial risk of harm to oncoming traffic; and (3) defendant's "pulling out and around" the two marked patrol cars was also elusive and created a substantial risk of bodily injury to the officers driving the patrol cars.

In his rebuttal closing argument, the prosecutor, referring to the case as being "more than just a DUI case," stated that "this crime occurred not just at one particular point, but it occurred [over a span of several blocks], and if you find that the risk of bodily injury [occurred in two separate blocks] but the eluding occurred [later in another block] at the rolling roadblock, that's fine."

Defendant objected to the prosecutor's statements, arguing that they misstated the law. The court held a bench conference off the record, but did not rule on the objection. The prosecutor then continued with his argument, saying, in effect, that the crime of vehicular eluding did not require proof that the act of eluding was simultaneous with the reckless driving.

At the end of the closing arguments, defendant again objected to the prosecutor's description of the requirements of vehicular eluding and urged that, for purposes of the statute, "reckless driving has to occur at the same time that the eluding occurs." In overruling defendant's objection, the trial court stated, "it was my ruling at the bench conference that the episode began at the time it became arguable that the defendant knew or should have known that he was being pursued by peace officers," and "after that time, I believe it is not essential that the remaining elements occur in any particular order."

## I.

Defendant initially contends that the trial court erred in overruling his objection to the prosecutor's description of the elements of vehicular eluding and in improperly instructing the jury on the elements of that offense. Specifically, he argues that the offense of vehicular eluding requires that the elusive conduct occur simultaneously with the reckless behavior. We disagree.

■ As applicable here, § 18–9–116.5, C.R.S.1999, describing the crime of vehicular eluding, states that:

Any person who, while operating a motor vehicle, *knowingly eludes or attempts to elude* a peace officer also operating a motor vehicle, and who knows or reasonably should know that he is being pursued by said peace officer, *and who operates his vehicle in a reckless manner, creating a substantial risk of bodily injury to another person*, commits vehicular eluding.

(emphasis added).

Under § 18–1–501(8), C.R.S.1999, a person acts recklessly when he or she consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists.

The court's instruction tracked the language of § 18–9–116.5. It stated, as pertinent here, that:

The elements of the crime of Vehicular Eluding are:

1. That the defendant,

2. in the State of Colorado, at or about the date and place charged,

3. was operating a motor vehicle, and

4. knowingly,

5. *eluded or attempted to elude* a peace officer also operating a motor vehicle, and

6. knew or reasonably should have known that he was being pursued by the peace officer, *and*

7. *operated his vehicle in a reckless manner, and*

8. *created a substantial risk of bodily injury to another person.*

(emphasis added).

■ The offense of vehicular eluding requires a showing that the driver knew or reasonably should have known that he or she was being pursued by a police officer. *People v. Fury*, 872 P.2d 1280 (Colo.App.1993).

Here, defendant cites no authority, and we find none, to support his assertion that, for purposes of § 18–9–116.5, the elusive behavior and the reckless driving must occur at the

same time. By its plain language, the statute merely requires proof that defendant both eluded or attempted to elude a police officer, and that he operated his car recklessly.

Accordingly, because § 18–9–116.5 does not require that the eluding and the reckless behavior be simultaneous, and the trial court's instruction tracked the language of the statute, we perceive no error.

## II.

Defendant also contends that the evidence was insufficient to sustain his conviction for vehicular eluding. Specifically, he argues that the evidence was insufficient as to the element of reckless behavior in connection with his squeezing by the two patrol cars during the initial rolling roadblock. Again, we disagree.

When presented with a challenge based on the sufficiency of the evidence, we must determine whether that evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crimes charged beyond a reasonable doubt. *People v. Schoondermark*, 699 P.2d 411 (Colo.1985).

Here, there was evidence that: (1) during the first attempted rolling roadblock defendant was surrounded by three patrol cars, two of which had their lights and sirens activated; (2) defendant eluded the roadblock by squeezing through a narrow opening between two of the patrol cars; and (3) defendant's blood alcohol content following his arrest was twice the legal limit.

In attempting to elude the rolling roadblock, defendant could well have collided with one or both of the patrol cars. Therefore, there was sufficient evidence that defendant's act of eluding the rolling roadblock constituted reckless behavior and created a substantial risk of bodily injury to the police officers driving the patrol cars.

Further, the evidence that defendant had forced cars off the road and that his blood alcohol content at the time was more than twice the legal limit amply demonstrated his recklessness.

Accordingly, because the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to establish that defendant acted recklessly, we perceive no basis for reversal.

The judgment is affirmed.

Judge METZGER and Judge JONES concur.