The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Roy Lee JAMES, Jr., Defendant–
Appellant.

No. 03CA0409.

Colorado Court of Appeals,
Division V.

Dec. 16, 2004.

Certiorari Denied Aug. 8, 2005.

Ken Salazar, Attorney General, Karen E. Lorenz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Jami L. Vigil, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Roy Lee James, Jr., appeals the judgments of conviction entered upon jury verdicts finding him guilty of second degree kidnapping of a robbery victim, obstructing a peace officer, and third degree assault. We affirm.

In retaliation for a recent incident, members of a rival gang, including defendant, abducted the victim, drove him around Colorado Springs, and had him telephone members of his own gang to appear at a park for a fight. When they did not appear, however, the victim was once again driven around town, then stripped of all his clothing and money, and released. During the evening, he had been taunted, threatened, beaten, and burned with a cigarette.

Although charged with numerous offenses, defendant was ultimately convicted only of the three crimes mentioned above. He was sentenced to concurrent terms of imprisonment, the longest of which was sixteen years in connection with the kidnapping count.

## I. Evidence of Gang–Related Activity

Defendant contends that the trial court erred in admitting irrelevant and prejudicial evidence about gangs, gang affiliations, gang culture, and gang retaliation. We disagree.

Evidence is relevant if it tends to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. CRE 401.

Relevant evidence is excludable if it is "unfairly" prejudicial, that is, if it has an "undue tendency to suggest a decision on an

improper basis, commonly but not necessarily an emotional one, such as sympathy, hatred, contempt, retribution, or horror." *Masters v. People*, 58 P.3d 979, 1001 (Colo.2002)(quoting *People v. District Court*, 785 P.2d 141, 147 (Colo.1990)). For the evidence to be excludable, however, the danger of unfair prejudice must substantially outweigh the legitimate probative value of the evidence. CRE 403. A trial court is given broad discretion to determine the relevance and relative probative value and unfair prejudice potential of evidence. *See People v. Saiz*, 32 P.3d 441, 446 (Colo.2001).

▮ A trial court's decision to admit evidence is reviewed for an abuse of discretion and will only be overturned if the decision was arbitrary, unreasonable, or unfair. In reviewing the trial court's determination, we assume the maximum probative value that a reasonable fact finder might give the evidence and the minimum unfair prejudice to be reasonably expected. *People v. Webster*, 987 P.2d 836, 840 (Colo.App.1998).

▮ Evidence of a defendant's membership and activities in a gang may be admitted, as res gestae evidence, to provide the fact finder with a complete and full understanding of the events surrounding the crime and the context in which the crime occurred. *See People v. Martinez*, 24 P.3d 629, 633–34 (Colo.App.2000)(evidence helped explain motive for crime); *People v. Mendoza*, 876 P.2d 98, 102–03 (Colo.App.1994)(same).

▮ Evidence about gang culture is admissible if relevant to explain a circumstance of the crime, *see People v. Atkins*, 844 P.2d 1196, 1202 (Colo.App.1992), to show a motive for the crime itself, or to understand a witness's change in statement or reluctance to testify. *See People v. Martinez*, 113 Cal. App.4th 400, 7 Cal.Rptr.3d 49, 59 (2003); *Edge v. State*, 275 Ga. 311, 567 S.E.2d 1, 3 (2002).

▮ Similarly, evidence about gang retaliation, including fear thereof, is admissible to explain a witness's change in statement or reluctance to testify. *See People v. Skinner*, 53 P.3d 720, 724 (Colo.App.2002)(no error found after evidence admitted establishing "code of silence" between inmates in DOC;

testimony of witnesses regarding fear of retaliation for being a "snitch" was relevant to explain why the victim and other witnesses had given conflicting statements); *see also People v. Sanchez*, 58 Cal.App.4th 1435, 69 Cal.Rptr.2d 16, 24 (1997)(evidence that witness is afraid to testify and fearful of gang retaliation relevant to credibility of witness; not necessary to show threats against witness were made by defendant personally); *People v. Maldonado*, 240 Ill.App.3d 470, 181 Ill.Dec. 426, 608 N.E.2d 499, 504 (1992)(same); *United States v. Santiago*, 46 F.3d 885, 890 (9th Cir.1995)(same; noting also that evidence of witness's fear of retaliation, without specifying any particular acts of intimidation, does not qualify as Fed.R.Evid. 404(b) evidence).

▮ In this case, the trial court admitted evidence of gang affiliation, gang culture, and gang retaliation as it related to the motive for the crimes charged. And the court admitted gang retaliation-related evidence that was relevant to explain the uncooperative attitudes, "losses" of memory, reluctance to testify, and changed statements of specific witnesses. We agree with defendant that this evidence was prejudicial, but only in the sense it was legitimately damaging to defendant's case. Consequently, we conclude that the trial court did not abuse its discretion in admitting this evidence.

We note, further, that the trial court did not indiscriminately permit reference to gangs and gang-related activities. It admonished the parties to find and use synonyms for the term "gang" or "gangs"; it also precluded the prosecution from inquiring about a specific incident involving alleged intimidation of a witness by defendant's gang prior to trial.

Moreover, the trial court instructed the jury, following the close of all the evidence, that:

> Guilt may not be inferred from mere association. Membership in a gang is not a crime. Therefore your decision shall not be affected by evidence, without more, that the defendant was a member of a gang. You are expected to carefully and impar-

tially consider all of the evidence and follow the laws as stated by the Court.

We presume the jury followed this instruction. *See People v. Martinez, supra,* 24 P.3d at 634 (same instruction).

On a related matter, we reject defendant's assertion that reversal is required because the prosecutor stated, in rebuttal closing argument, that the victim had been released from jail to alleviate his fear of being hurt or killed if he had to testify and was returned to jail. Because defendant made no objection to the remark, reversal is not warranted in the absence of plain error. Inasmuch as the prosecution's argument was made in response to defendant's prior argument, namely that the victim had been let out of jail to induce him to build a case against an innocent man, we perceive no basis for finding plain error. *See People v. Ramirez,* 997 P.2d 1200, 1211 (Colo.App.1999)("A prosecutor is allowed considerable latitude in responding to the argument made by opposing counsel."), *aff'd,* 43 P.3d 611 (2001).

## II. Lay or Expert Opinion Testimony

Defendant next argues that reversal is required because the trial court admitted, as lay testimony, gang culture evidence provided by two police officers. We are not persuaded.

In *People v. Stewart,* 55 P.3d 107, 124 (Colo.2002), the supreme court held that where "an officer's testimony is based not only on [his] perceptions and observations of the crime scene, but also on [his] specialized training or education, [he] must be properly qualified as an expert before offering testimony that amounts to expert testimony." The *Stewart* court did not specifically address whether knowledge in an area, gained through on-the-job experience, qualifies as specialized knowledge that may only be conveyed by way of expert opinion. We need not resolve that issue here.

Here, based on their training, education, and experience, the two officers testified about (1) gang members, including defendant, having street names or monikers; and (2) gang culture, and particularly the code of silence by which gang members live.

Defendant did not object to the testimony of the two officers on the ground now asserted. Consequently, reversal is not warranted in the absence of plain error. Crim. P. 52(b). Plain error is error that is obvious, substantial, and grave; to qualify, the error must so undermine the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *Moore v. People,* 925 P.2d 264, 268–69 (Colo. 1996).

The two officers were endorsed by both the prosecution and the defense as witnesses, although neither was specifically endorsed as an expert witness. And defendant asked numerous questions during cross-examination to further illuminate nuances of gang culture; indeed, defense counsel went so far as to refer to one of the officers as an "expert on gangs" during her own closing argument. Under these circumstances, the trial court had no duty to act sua sponte to prevent the officers' testimony. *See People v. Petschow,* 119 P.3d 495, 2004 WL 2136945 (Colo.App. No. 01CA1684, Sept. 23, 2004)(no plain error where defendant asked officer, who had not been qualified as an expert witness, for his "professional opinion" on several occasions).

Moreover, any error was harmless in light of similar evidence, presented through other witnesses, about gang monikers, gang culture, and gangs' code of silence. *See People v. Stewart, supra,* 55 P.3d at 124–25.

## III. Mistrial

We also reject defendant's contention that a mistrial was warranted because when asked to identify defendant, a witness stated, "He is over there with the public defender."

A mistrial is a drastic remedy that is warranted only when prejudice to the accused is so substantial that its effect on the jury cannot be remedied by any other means. Because the trial court is in a better position to evaluate any adverse effect that improper testimony might have upon a jury, it has discretion to determine whether a mistrial is warranted. Absent a gross abuse of that discretion and prejudice to the defendant, we

will not disturb a trial court's decision to grant or deny a motion for a mistrial. *People v. Laurson*, 15 P.3d 791, 797 (Colo.App. 2000).

Here, we perceive no abuse of the court's discretion in denying defendant's motion for mistrial. Although informing the jury that a defendant is represented by court-appointed counsel should be avoided, we do not perceive a realistic likelihood that jurors would penalize a defendant's indigency by (1) equating it with criminality, (2) assuming a lawyer would not have undertaken the case willingly, or (3) resenting the use of taxpayer money to provide legal assistance.

> Jurors are ordinarily reasonably well-informed men and women. They know that indigency is widespread in this nation, as indicated by poverty programs, food stamps, public defenders, Medicaid, Salvation Army appeals, charitable drives, and countless other activities that daily attest the existence of indigence .... [Thus] [t]he probability that a jury's verdict in a case like this one would be affected by a remark such as the one complained of is insignificant.

*Vaughn v. State*, 289 Ark. 31, 709 S.W.2d 73, 74 (1986); *see also Landreth v. State*, 331 Ark. 12, 960 S.W.2d 434, 439 (1998)(mistrial not required because prosecutor referred on cross-examination to defense counsel as "public defenders"; any prejudice was "speculative at best"); *Holiday v. State*, 258 Ga. 393, 369 S.E.2d 241, 246 (1988)(no prejudice to defendant from trial court informing jury that defense counsel was "a public defender"); *cf. People v. Dembry*, 91 P.3d 431, 436 (Colo.App.2003)(rejecting claim that "defendant was unfairly prejudiced when the prosecution's expert witness referred to defense counsel as the public defender"; noting that defendant proffered "no evidence or authority for the proposition that being represented by the public defender's office is prejudicial in any way").

In accord with these authorities, we conclude that the witness's fleeting reference here to "the public defender" did not substantially prejudice defendant. Therefore, we uphold the trial court's denial of defendant's request for a mistrial. *See People v.*

*Ned*, 923 P.2d 271, 275 (Colo.App. 1996)("Speculation of prejudice is insufficient to warrant reversal of a trial court's denial of a motion for mistrial.").

 We also reject defendant's assertion that the trial court should have instructed the jury to disregard the witness's remark. Defense counsel did not ask for such an instruction. *See Vaughn v. State, supra*, 709 S.W.2d at 74.

## IV. Instructional Error

Defendant contends that his conviction for second degree kidnapping of a robbery victim must be reversed because the trial court did not specifically instruct the jury on the elements of robbery. We disagree.

A person commits the crime of second degree kidnapping when he or she "knowingly seizes and carries away [another] person from one place to another, without his consent and without lawful justification." Section 18–3–302(1), C.R.S.2004. Second degree kidnapping is a class four felony unless enhanced, for a number of enumerated reasons, to a class two or three felony. *See* § 18–3–302(3)–(5), C.R.S.2004. As pertinent here, second degree kidnapping is a class two felony when "[t]he person kidnapped is a victim of a robbery." Section 18–3–302(3)(b), C.R.S.2004.

Here, the trial court correctly instructed the jury on the elements of aggravated robbery, a crime for which defendant was charged but ultimately acquitted. However, the court saw no need to give the prosecution's requested instruction on simple robbery, as it related to the kidnapping charge. The court reasoned that the instruction on aggravated robbery already encapsulated all the elements of simple robbery and counsel could "just point out" the necessary elements in common between the two.

Defendant did not request, or object to the lack of, a separate instruction; nor did he object when in closing argument, the prosecutor informed the jury that it needed to find, in connection with the second degree kidnapping charge, only "a simple robbery": "Anything that was taken from him by force,

doesn't even have to be with a deadly weapon, is considered a robbery."

Defendant's failure to object to the lack of a separate instruction or to the prosecution's comment limits our review to a plain error analysis. *See* Crim. P. 30, 52(b).

In this context, plain error does not occur unless review of the entire record demonstrates that the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the conviction. *People v. Shepherd,* 43 P.3d 693, 696 (Colo.App.2001).

Here, unlike in most cases, defendant's complaint is not that an element or sentence enhancer for the crime was omitted from the instructions, or that the instructions were incomplete. If anything, the problem was that the aggravated robbery instruction overstated the requisite elements of the "robbery victim" kidnapping enhancer.

Contrary to defendant's assertion, the prosecution's comment in closing argument was not misleading. The prosecutor chose to differentiate simple from aggravated robbery by the one element that the two crimes did not share, namely, the use of a deadly weapon; the prosecution never intimated that the other elements of the instruction were inapplicable or unnecessary.

Because we presume the jury applied the remaining elements of the aggravated robbery instruction when determining the kidnapping enhancer, *see People v. Martinez, supra,* 24 P.3d at 634, we discern no plain error here.

### V. Sufficiency of Evidence— Robbery Enhancer

Finally, defendant contends that the evidence was insufficient to sustain the jury's determination that he robbed the victim. According to defendant, the evidence established that the victim was robbed at someone else's direction and without any help from defendant. We are not persuaded.

As previously noted, § 18–3–302(3)(b) enhances the penalty for second degree kidnapping when "[t]he person kidnapped is a victim of a robbery." Because neither party has argued otherwise, we assume for purposes of this appeal that the provision applies only where a defendant would be criminally responsible if charged for the robbery of the victim.

When examining the sufficiency of the evidence, we must determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crimes charged beyond a reasonable doubt. *People v. Sherwood,* 5 P.3d 956, 959 (Colo. App.2000).

In undertaking this analysis, we recognize that: (1) this court does not sit as a thirteenth juror, assessing the credibility of witnesses or resolving inconsistencies or contradictions in the testimony, *see People v. Witek,* 97 P.3d 240, 242 (Colo.App.2004); (2) an actor's state of mind is normally not subject to direct proof and must be inferred from his actions and the circumstances surrounding the occurrence, *People v. Chastain,* 733 P.2d 1206, 1211 (Colo.1987); (3) if there is evidence upon which one may reasonably infer an element of the crime, the evidence is sufficient to sustain that element, *People v. Caldwell,* 43 P.3d 663, 672 (Colo.App.2001); and (4) where reasonable minds could differ, the evidence is sufficient to sustain a conviction. *See People v. Carlson,* 72 P.3d 411, 416 (Colo.App.2003).

A person is legally accountable as a complicitor for the criminal behavior of another if, with intent to promote or facilitate the commission of the offense, he aids, abets, advises, or encourages the other person in planning or committing the offense. Section 18–1–603, C.R.S.2004.

To be guilty as a complicitor, a person must (1) have the culpable mental state required for the underlying crime committed by the principal; and (2) intend that his conduct have the effect of assisting or encouraging the principal in the commission of that crime. *People v. Williams,* 23 P.3d 1229, 1232 (Colo.App.2000).

The underlying crime here is robbery, which has a "knowing" culpable mental state. Section 18–4–301(1), C.R.S.2004.

In the trial court, there was evidence presented that: (1) defendant participated in the kidnapping of the victim; (2) defendant hit and taunted the victim before he was robbed of his clothes and wallet; (3) defendant was seated in the back seat of the car with victim when the victim was made to remove his clothing and wallet; (4) the victim reported that defendant was one of the individuals who told him "he better take off his clothes"; and (5) defendant taunted the victim during and after the time the victim was made to strip.

Viewing this evidence as a whole, and in the light most favorable to the prosecution, we conclude that reasonable minds could differ regarding whether defendant's actions, knowledge, and intent would make him liable as a complicitor in the robbery of the victim. Consequently, the evidence was sufficient to send the matter to the jury and to uphold the verdict it reached.

Accordingly, the judgments of conviction are affirmed.

Judge WEBB and Judge STERNBERG* concur.