24CA0111 Peo v Pratt 04-23-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0111
Douglas County District Court No. 23CR415
Honorable Ryan J. Stuart, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kevin Jodie Pratt,

Defendant-Appellant.

---

JUDGMENT AFFIRMED IN PART AND VACATED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE HARRIS
Dunn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 23, 2026

---

Philip J. Weiser, Attorney General, Erin K. Grundy, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Rachel Z. Geiman, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    A jury found defendant, Kevin Jodie Pratt, guilty of aggravated motor vehicle theft, vehicular eluding, and reckless driving.

¶ 2    On appeal, Pratt challenges the sufficiency of the evidence supporting his convictions and, in the alternative, argues that his reckless driving conviction must merge into the vehicular eluding conviction. We reject Pratt's sufficiency challenges but agree with his merger argument; therefore, we vacate the reckless driving conviction and remand the case for correction of the mittimus.

## I.    Background

¶ 3    After learning that Pratt was driving a stolen car, officers in a special motor vehicle theft unit began to follow him in unmarked cars as he drove through parking lots and then on surface streets toward the interstate.

¶ 4    When Pratt approached the highway on-ramp, one of the unit's officers activated the lights and sirens on his pickup truck. Pratt did not pull over, so another officer waiting near the on-ramp deployed a spike strip, a long tube with nails inside designed to puncture and slowly deflate a vehicle's tires. Pratt ran over the spike strip and continued accelerating to merge onto the highway. The officers followed Pratt onto the highway but, consistent with

police department protocol, turned off their lights and sirens and observed the speed limit.

¶ 5     Pratt drove on the highway for approximately a mile as the driver's side tires slowly deflated.  After the tires began to smoke and shred apart in traffic, rendering the car inoperable, Pratt pulled the car to the side of the road.  He and two passengers attempted to flee on foot but were quickly apprehended.

¶ 6     The prosecution charged Pratt with, as relevant here, aggravated motor vehicle theft, vehicular eluding, and reckless driving.[1]  The jury found Pratt guilty of all charges.

## II.     Sufficiency of the Evidence Challenges

¶ 7     Pratt challenges the sufficiency of the evidence to sustain his convictions.  He says that the prosecution failed to prove that he drove recklessly, and because reckless driving is an element of vehicular eluding and aggravated motor vehicle theft, all three convictions must be vacated.

---

[1] Pratt was also charged with, and found guilty of, obstruction of justice, but he does not challenge that conviction on appeal.

## A. Standard of Review

¶ 8 On a challenge to the sufficiency of the evidence, we review the record de novo to determine whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a rational jury that the defendant is guilty beyond a reasonable doubt. *Johnson v. People*, 2023 CO 7, ¶ 13.

¶ 9 In conducting our review, we adhere to certain well-settled principles. It is the jury's role to evaluate the credibility of the witnesses, determine the weight to give evidence, and resolve conflicts or inconsistencies in the evidence. *People v. Poe*, 2012 COA 166, ¶ 14. We do not serve as a "thirteenth juror" to second-guess findings that are supported by the evidence, *Thomas v. People*, 2021 CO 84, ¶ 10 (citation omitted), or substitute our judgment for that of the jury, *People v. Strickler*, 2022 COA 1, ¶ 11. Our role is to determine whether the prosecution satisfied its burden to present sufficient evidence to prove beyond a reasonable doubt every element of the charged offense. *Thomas*, ¶ 10.

## B. Reckless Driving Conviction

¶ 10 A person commits reckless driving when he drives a motor vehicle "in such a manner as to indicate either a wanton or a willful disregard for the safety of persons or property." § 42-4-1401(1), C.R.S. 2025.

¶ 11 According to Pratt, because he did not engage in any "affirmative" dangerous acts — speeding, cutting off other drivers, or disobeying traffic rules — the prosecution failed to prove a willful disregard for the safety of others.

¶ 12 In our view, though, a rational jury could have concluded, based on the following evidence and inferences that could reasonably be drawn from it, that Pratt committed reckless driving by continuing to drive on a highway even after he ran over the spike strip and after his tires deflated and began to smoke.

- An officer activated his lights and siren in an attempt to stop Pratt before Pratt took the on-ramp to the highway. Pratt was aware of the officer but disregarded the signal to stop.

- Shortly thereafter, Pratt ran over the spike strip. He saw the officer deploy the spike strip, proceeded anyway, and felt the strip as he ran over it.

- Despite knowing that he had run over the spike strip, Pratt continued to accelerate and merged onto the highway.

- After approximately thirty seconds of driving, Pratt's driver's side tires were flat. Pratt continued driving in one of the middle lanes of the highway with dozens of other cars around him.

- Twenty-five seconds later, the flat tires began to smoke and shred apart while Pratt drove. Pratt could have seen the smoke. He continued to drive at highway speeds.

- Thirty seconds after smoke appeared, rubber came off the flat tires and flew onto the highway. An officer saw other vehicles driving over the debris.

- About ten seconds later, and only after the tires were "completely shredded" and the car had effectively become inoperable, Pratt finally pulled over to the side of the highway and ran from the scene.

¶ 13     Viewed in the light most favorable to the prosecution, the evidence was sufficient for a jury to find that Pratt consciously and willfully disregarded the safety of his passengers and other drivers by continuing to drive at a high speed on a crowded highway for more than ninety seconds after he knowingly ran over the spike strip and for more than sixty seconds after his tires deflated.

¶ 14     According to Pratt, though, he would not have known it was dangerous to continue driving until after the tires started to smoke (about a minute after he drove over the spike strip), and, at that point, he took only thirty-five seconds (forty by our count) to carefully move to the shoulder and stop the car.  Rather than showing a willful disregard for others' safety, he says, the timing shows that he made *safe* decisions.

¶ 15     Even assuming that this is one reasonable interpretation of the evidence, it is not the only one.  As we have explained, the jury could have determined that Pratt "consciously ch[ose] a dangerous course of action," *Martin v. People*, 495 P.2d 537, 539 (Colo. 1972), when he continued to drive at a high speed for more than a minute after his tires were flat.

6

¶ 16    It is the jury's role, not ours, to decide whether the evidence weighs more heavily in favor of the prosecution or the defense. *Poe,* ¶ 14. And "where reasonable minds could differ," the evidence is sufficient to sustain the conviction. *People v. Yeadon,* 2018 COA 104, ¶ 21, *aff'd,* 2020 CO 38.

¶ 17    Because we conclude that the evidence was sufficient to support Pratt's reckless driving conviction, we reject Pratt's argument that, by extension, his vehicular eluding and aggravated motor vehicle theft convictions are unsupported by sufficient evidence because they were dependent on the reckless driving conviction.[2]

### C.    Vehicular Eluding Conviction

¶ 18    A person commits the crime of vehicular eluding if, while operating a motor vehicle, he (1) knowingly eludes or attempts to elude a police officer who is also operating a motor vehicle; (2) knows or reasonably should know that he was being pursued by

---

[2] Because we conclude that the evidence was sufficient to sustain the reckless driving conviction, we need not resolve the parties' dispute concerning whether the jury had access, during deliberations, to the entirety of an officer's body camera footage or only the portion shown during trial.

the police officer; and (3) operates his vehicle in a reckless manner. § 18-9-116.5(1), C.R.S. 2025.

¶ 19   At trial, a law enforcement witness testified that the officer in the pickup truck deactivated his lights and siren once he merged onto the highway, consistent with police department policy, which "states that officers are only to pursue vehicles for . . . violent felonies and serious person's crimes," and, therefore, the officer in the pickup truck "was no longer in pursuit of [Pratt's] vehicle" when he turned off his lights and siren.

¶ 20   Pratt contends that because the reckless driving element must occur simultaneously with the officer's pursuit and because he drove recklessly on the highway after the officer was no longer in pursuit, the prosecution failed to prove vehicular eluding. We are not persuaded.

¶ 21   Even assuming a simultaneity requirement, *but see People v. Sherwood,* 5 P.3d 956, 959 (Colo. App. 2000) (The vehicular eluding statute "does not require that the eluding and the reckless behavior be simultaneous."), here, the pursuit and reckless driving occurred simultaneously.

¶ 22    Our legal analysis of whether the officer's pursuit continued after he turned off his lights and siren is not dependent on the witness's description of police department protocols or definitions. *See Tidwell v. City & County of Denver*, 83 P.3d 75, 82 (Colo. 2003) (court should not have adopted the definition of "pursuit" from the police department's manual).  Rather, we look to the ordinary and common meaning of the word, which is generally found in the dictionary.  *Id.*  To "pursue" means "to follow in order to overtake[ or] capture" or to "chase."  Webster's New World College Dictionary 1166 (4th ed. 1999); *see also* Black's Law Dictionary 1495 (12th ed. 2024) (defining "pursue" as "[t]o follow persistently in order to seize or obtain" or "to chase or hunt").

¶ 23    An officer's use of lights and a siren is not dispositive of whether he is pursuing a suspect.  *See Tidwell*, 83 P.3d at 82 (officer who had not activated his lights and siren was in pursuit of a driver when he "hurriedly followed the driver in order to apprehend him"); *see also People v. Esparza-Treto*, 282 P.3d 471, 479 (Colo. App. 2011) (under the vehicular eluding statute, the element of pursuit can be proved "absent any audible or visual signal from the officer").

¶ 24    After activating his lights and siren for twenty-five seconds, the officer in the pickup truck deactivated those signals once he drove onto the highway.  But he continued to closely follow Pratt for the purpose of apprehending him.  The officer was about three seconds behind Pratt when Pratt pulled over and fled the scene.  The officer parked his truck and continued the chase on foot.  On this evidence, a reasonable jury could have found that the officer was pursuing Pratt (and Pratt was aware of the pursuit) even after the officer turned off his lights and siren.  *See Tidwell*, 83 P.3d at 82; *State v. Johnson*, 580 P.3d 20, 27-28 (Kan. 2025) (evidence was sufficient to show that reckless driving occurred during police pursuit even though the officer had turned off his lights and siren because the officer "continued driving in the same direction as [the defendant] had fled in an effort to locate, overtake, and apprehend him").

## III.    Merger

¶ 25    Pratt contends, the People concede, and we agree that Pratt's conviction for reckless driving must nonetheless be vacated.  Because reckless driving is a lesser included offense of vehicular eluding and both offenses were committed as part of a single

criminal episode, the reckless driving conviction must merge into the vehicular eluding conviction. *See People v. Dominguez*, 2019 COA 78, ¶¶ 64-65; *Esparza-Treto*, 282 P.3d at 479.

¶ 26    Accordingly, we vacate the conviction for reckless driving and remand the case to the trial court for correction of the mittimus.[3]

IV.    Disposition

¶ 27    We affirm Pratt's convictions for vehicular eluding and aggravated motor vehicle theft. We vacate the reckless driving conviction and remand the case to the trial court for correction of the mittimus. (The portion of the judgment related to the obstruction of justice conviction remains undisturbed.)

JUDGE DUNN and JUDGE MOULTRIE concur.

---

[3] The mittimus also incorrectly states that Pratt pleaded guilty. On remand, we direct the trial court to correct the mittimus to reflect that Pratt was convicted on the jury's verdict. *See* Crim. P. 36; *People v. Wood*, 2019 CO 7, ¶¶ 39-40 (clerical errors in the mittimus should be corrected pursuant to Crim. P. 36 "to ensure that judgments and sentences are documented accurately").